J. R. DENT STEVEDORING Co. *v.* LANE *et al.*

(Division B. June 5, 1933. Suggestion of Error Overruled July 7, 1933.)

[148 So. 640. No. 30677.]

Ford, White & Morse, of Gulfport, and **E. L. Dent**, of Collins, for appellant.

Gardner & Backstrom, of Gulfport, for appellees.

Griffith, J., delivered the opinion of the court.

On July 18, 1931, the appellee Frank Lane, by a written contract agreed to sell and deliver to the appellee claimant one hundred fifty to two hundred fifty tons of steel rails and angle bars then located on the east pier of the harbor of Gulfport. The delivery was to be made f. a. s., and it was recited that the steamer to take said tonnage was expected to arrive late in August. The claimant sold this material in Japan, and a Japanese vessel called at the port of Gulfport for this cargo about the 18th or 19th of August, 1931.

A few days before the arrival of the steamer, appellee Lane contracted with appellant to load said iron on cars of the railroad company, so that the iron by this means could be switched f. a. s. Appellee, the claimant, was notified that the loading on the cars had been promptly finished and an agent and duly authorized officer of the claimant company came to Gulfport on the 20th day of August, 1931, to make an inspection of the iron so loaded; as a result of which he accepted the iron thus loaded on cars as being in accordance with the contract, and having accepted the same, on the same day he notified the forwarding agent of the Japanese shipping owners that the tender under the written contract, as said tender was then evidenced by the material on the loaded cars, had been accepted by the claimant, appellee, and the forwarding agent was instructed to have the iron placed in due course on board the ship.

On the following day, and while the cars which held the iron had been switched within six hundred to one thousand feet of the steamer but were not yet in reach of the ship's tackle, appellant attached all the iron mentioned as the property of appellee Lane, who was a non-resident, and because appellant had good reason to believe and did believe that the appellee Lane was planning to avoid the payment to appellant of the money due appellant for the loading on cars as aforementioned, the sum due appellant being approximately four hundred twenty-five dollars. The theory of appellant's case was and is that title to the iron did not pass out of Lane until it was brought within reach of the ship's tackle, the written contract between Lane and appellant being as aforesaid that delivery was required to be made by Lane f. a. s.

The county court and the circuit court took the view that when the iron was loaded on cars at the harbor and was there inspected and accepted by the claimant

and was then by the claimant turned over to the Japanese shipping owners, the title thereupon passed, although the expense of switching to shipside was to be, and was in fact, paid by Lane. In this view of the law, we think the trial judges were correct. The loading on the cars of this iron by the agents of Lane was equivalent to a tender of same as complying with the terms of the contract so far as quality, quantity, and the like were concerned, and the inspection and acceptance by the claimant, the purchaser from Lane, of the iron thus loaded rendered the transfer specifically irrevocable. There was a segregation and identification of the property under the written contract which up to that time was executory, but which upon the inspection and acceptance closed the transaction so far as the actual sale and the passing of title was concerned. True, there still remained the switching to the point f. a. s., but had Lane failed to pay or perform as to this, the remedy of the purchaser from him was not to decline to take the iron then already tendered and accepted, but simply to deduct out of the purchase price the charges for switching f. a. s.

The conclusion thus reached renders it unnecessary to decide the interesting question, so ably argued, whether the judgment in attachment was void.

Affirmed.